## WADE *v.* POLLOCK & REYNOLDS ET AL.

*r* here A., B., and C. enter into a tripartite contract by which A. agrees to do one thing and B. agrees to do another thing, in both of which C. is interested, and C. agrees to do one thing in which A. is interested, and another in which B. is interested, and A. tenders performance, C. can not set up as a defense against his obligation to perform that in which A. is interested, the fact that B. failed to perform his contract. In such a contract the promise of each must be regarded as made in consideration of the promises of the other parties, so that either party, who is not himself in fault, may require the performance by each other party.

This suit is brought to enforce specific performance of a contract on the part of the defendants, the heirs and devisees of Pollock and of Reynolds, by requiring them to pay an amount of money which Pollock & Reynolds undertook to pay Wade, the plaintiff, by the following contract:

"Nehemiah Wade agrees to cancel the present lease on lot 177 in plat A of Wade's subdivision, being 146 feet on Liberty street by 184 feet deep to Melancthon street, in Cincinnati, with August Lanksweist and John Weil, and make a new lease of same, to be a perpetual lease, on the terms of his letter, dated December 3, 1869, to said John Weil, *i. e.*, at a rent of $600 per year (the same as before, in amount and terms), up to August 1, 1870; then at $1,022 per year, in quarterly installments, in advance, until August 1, 1877; then at $1,752 per year, in quarterly installments until August 1, 1885, when a new appraisement or valuation shall be made, in the manner specified in said letter, and likewise each recurring fifteen years, perpetually, the rent thereafter to bear the rate of six per cent. per annum, in quarterly installments. Said new lease to be made to Samuel Pollock and Jabez Reynolds, and delivered to them on February 1, 1870, upon their paying to said Wade or his attorneys the ascertained balance now due by said John Weil to said Nehemiah Wade, and upon

which two suits have been brought in the Superior Court of Cincinnati against said John Weil and Frank G. Rhein, to wit: the sum of about $1,634.26, with interest thereon from the date sued on until said February 1, 1870, on said 1st day of February, 1870, and in addition the quarter's rent, in advance, then due, of $150. And the said Samuel Pollock and Jabez Reynolds, Jr., agree to pay said sum of money and join in the execution of said lease, and the said John Weil and Frank G. Rhein agree to sign and execute all papers necessary to convey and release said title now in them.

"Witness our hands and seals, this 23d December, 1869.

(Signed,)        "N. WADE,            [SEAL.]
                 POLLOCK & REYNOLDS,  [SEAL.]
                 JOHN WEIL,           [SEAL.]
                 "Agent for F. G. Rhein."

Attest: "RICHD. H. COLLINS."

The property was at the time subject to a lease from Wade, with seven or eight years to run, which was held by Rhein and Weil, or by Rhein, who was represented in this transaction by Weil as his agent.

Rhein & Weil had a negotiation with Pollock & Reynolds to sell and transfer to P. & R. their leasehold interest, in which Pollock & Reynolds required that the old lease should be canceled by Wade, and a new one granted, to be perpetual, on the terms stipulated.

The petition shows that Wade was ready, and had offered to cancel the old lease and execute and deliver the new one, and that he did tender such a lease to defendants.

Pollock is dead, and his devisees are parties in his stead, together with Reynolds. They answer and say, as one defense, that the old leasehold is so incumbered that a clear title can not be made to them, and that one-half of said leasehold is actually held by Lanksweist, one of the original lessees; and they claim that for that reason Wade can not perform his part of the contract, so as to entitle him to ask performance by them.

To this the plaintiff demurs, and sustains the demurrer in argument, by claiming that he is ready to do all he undertook to do, which was to make a perpetual lease, and to cancel the old lease, both of which he is ready to do; that he never undertook for Weil, or Rhein, or Lanksweist. The question is, whether one of the parties to a tripartite contract can set up in defense against the action of another, that the third party has failed to perform his part of the contract.

It appears from the petition and the averments of the answer to which the demurrer is filed, that the plaintiff has been in no manner in default, and is entitled to a specific performance, unless the default of Weil & Rhein is a reason for depriving him of that right.

*Stallo & Kittredge*, for plaintiff.

*J. Burnet. H. Snow*, and *R. H. Collins*, for defendants.

TAFT, J. It appears to us that where three enter into a tripartite contract, each to perform acts valuable to the other two, and if two of the three parties fail to perform their respective parts, they may both be compelled to perform, or pay damages at the suit of one who performs or tenders performance. This rule would sustain the action of the plaintiff in the present case, unless he has by the contract so undertaken for the performance on the part of Weil & Rhein as to be responsible to Pollock & Reynolds for the failure of Weil & Rhein. This question turns upon the construction to be put upon the terms of the contract. By the construction we put upon this contract, the plaintiff did not undertake for the title to the old leasehold estate, except that he would cancel the lease, and grant a new one, which should be perpetual; and we understand the allegations of the petition to show that Wade is willing and able to do all that he has contracted to do, and has tendered the performance. The demurrer will, therefore, have to be sustained.